Charles A. MEEKER, and four minor daughters; Cynthia A. Meeker; Catherine M. Meeker; Ada Marie Meeker; and Minie Constance Meeker, Plaintiffs-Appellants,

v.

Helen KERCHER; John Kercher; State of New Mexico (Human Services); Deborah Grout; Vickey King; Elaine Watson; Michelle O'Shields; John Kalejata, All of the Human Services Department; Josie M. Britton, Security Officer; and United States Dept. of State, Federal District Attorney, Defendants-Appellees.

No. 85–1010.

United States Court of Appeals, Tenth Circuit.

Jan. 22, 1986.

Charles A. Meeker, pro se.

Before BARRETT, McKAY, and SEYMOUR, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from the district court's dismissal of the plaintiffs' civil rights complaint filed pursuant to 42 U.S.C. § 1983. All of the defendants were somehow involved in a child abuse investigation of plaintiff Charles A. Meeker by the Children's Protective Services branch of the New Mexico Human Services Department. That investigation resulted in the transfer of custody of Mr. Meeker's four minor daughters to the Human Services Department. Plaintiffs alleged that the various defendants' conduct in the state proceedings violated their family rights guaranteed by the Fourteenth Amendment.

In district court, all of the defendants except one filed a motion to dismiss the complaint for failure to state a claim on which relief could be granted. Fed.R. Civ.P. 12(b)(6). Defendant Grout, who was appointed in the state custody proceedings as guardian ad litem for Meeker's daughters, did not file a motion to dismiss. The district court granted all of the motions to dismiss on various grounds.

The district court found that the plaintiffs had failed to make valid service of process on four of the defendants. Furthermore, the district court found that the doctrine of res judicata barred suit against all of the defendants except Grout—including those who had not been properly served. The res judicata bar arose from two prior suits by the plaintiffs in federal and state courts in which they brought almost identical claims against the same defendants based on the same events underlying the instant case. The plaintiffs were unsuccessful on the merits of the prior actions.

The district court sua sponte dismissed the action against the last defendant, Grout, on alternative grounds including failure to state a claim. The court found that, as guardian ad litem, Grout was not acting under color of state law for purposes of the § 1983 claims.

Plaintiffs appeal the district court's judgment.

■ We will only address the appeal of Charles A. Meeker. We need not address the purported appeal by Meeker's four minor daughters because we agree with the district court that Meeker cannot represent his daughters in this case. The district court ruled, citing 28 U.S.C. § 1654, that although Meeker has the right to appear in propria persona, he does not have the right to represent his daughters. We hold that under Fed.R.Civ.P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.

Each of the defendants have filed a motion to affirm the district court's judgment on the basis that the questions on which the decision of the cause depends are so unsubstantial as not to merit further argument. 10th Cir.R. 9(a). Plaintiff has responded to the motions to affirm.

Upon consideration of the motions to affirm, the response thereto and the record on appeal, we conclude that the district court was correct in dismissing the claims of plaintiff Charles A. Meeker against all of the defendants. We adopt the reasoning of the district court with regard to the propriety of the dismissal of the claims and

write only to elaborate on the determination that the guardian ad litem should not be considered a state actor for purposes of the civil rights statutes.

■ *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) held that a public defender, although an employee of the state, is not acting "under color of state law" when performing a lawyer's traditional function as counsel to an indigent defendant in a state criminal proceeding. We believe that the reasoning of *Polk County* applies with equal force to a guardian ad litem representing a minor in a state proceeding on a petition alleging abuse or neglect. "In all critical respects, the role of the guardian ad litem is almost identical to that of a public defender. He or she is a fiduciary who must act in the minor's best interest." *Clay v. Friedman,* 541 F.Supp. 500, 503 (N.D.Ill.1982). In this respect, a guardian ad litem assumes no "obligation to the mission of the state," *Polk Co. supra* at 320, 102 S.Ct. at 450, but owes his or her undivided loyalty to the minor, not the state. *See Bonds v. Joplin's Heirs,* 64 N.M. 342, 328 P.2d 597 (1958) (emphasizing a guardian ad litem's responsibility to see "that his clients will be fairly and competently represented and their rights fully and adequately protected and preserved"). It is of no consequence if, in the exercise of his or her independent judgment on behalf of the minor, the guardian ad litem arrives at a position of advocacy which corresponds with the objectives of the state in the abuse or neglect proceeding. It is the requirement that the guardian ad litem must exercise independent, professional judgment that is crucial to the determination of whether a guardian ad litem acts under color of state law and is therefore a person liable under § 1983. We hold that a guardian ad litem is not acting under color of state law for purposes of § 1983.

In sum, any further argument on these issues would not be helpful. All of the defendants' motions to affirm are granted.