USCA1 Opinion

 

 July 21, 1992 [NOT FOR PUBLICATION] ____________________ No. 92-1098 ETHAN H., ET AL., Plaintiffs, Appellants, v. STATE OF NEW HAMPSHIRE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Martin F. Loughlin, Senior U.S. District Judge] __________________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Judith J. Horsley on brief pro se. _________________ John P. Arnold, Attorney General, and Stephen J. Judge, Senior _______________ _________________ Assistant Attorney General, on brief for appellees. ____________________ ____________________ Per Curiam. This is an appeal from the dismissal __________ of an action brought under 42 U.S.C. 1983. Appellant, Dr. Judith J. Horsley, filed a complaint on behalf of herself and her minor son, Ethan. She attacked state child abuse proceedings, alleging that the State of New Hampshire, the New Hampshire Division for Children and Youth Services (DCYS) and its employees, two state judges, and a guardian ad litem conspired to deprive appellants of various federal and state rights. After the dismissal of her complaint, Dr. Horsley filed a notice of appeal, signed only by herself, in which she purported to appeal on behalf of herself and Ethan. In an order, we requested the parties to brief the threshold question whether Dr. Horsley could represent her son on appeal. We now hold that Dr. Judith Horsley, acting pro se, ___ __ may not represent her son in this appeal. See 28 U.S.C. ___ 1654 ("the parties may plead and conduct their own cases personally or by counsel") (emphasis added). We have __________ ___________ interpreted this statute as barring a non-lawyer from representing anyone else but himself or herself. See ___ Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. _______________ ______________ 1982); see also Lewis v. Lenc-Smith Manufacturing Co., 784 ___ ____ _____ _____________________________ F.2d 829, 830-31 (7th Cir. 1986) (per curiam) (individual may only appear on appeal pro se or through counsel; striking ___ __ appearance of non-lawyer); Georgiades v. Martin-Trigona, 729 __________ ______________ -2- F.2d 831, 834 & n.7 (D.C. Cir. 1984) (non-lawyer may not appear on behalf of others on appeal). We also note that the same rule holds true for district court proceedings. See Osei-Afriyie v. Medical ___ ____________ _______ College of Pennsylvania, 937 F.2d 876, 882-83 (3d Cir. 1991) _______________________ (non-lawyer parent, appearing pro se, may not represent his ___ __ child in federal court trial); Cheung v. Youth Orchestra ______ ________________ Foundation of Buffalo, 906 F.2d 59, 61-62 (2d Cir. 1990) (a _____________________ non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child; court remanded case to district court to allow parent to retain lawyer or request appointment of counsel for child); Meeker ______ v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) _______ (court of appeals upheld district court's ruling that although parent had the right to represent himself, he did not have the right to represent his children). Thus, Ethan's claims are not before us on appeal. As for Dr. Horsley's allegations, we have carefully reviewed the record and the briefs on appeal, and we affirm the district court's judgment for essentially the reasons stated in the magistrate judge's report and recommendation. The district court judge adopted the report when it dismissed the complaint. We only add that Dr. Horsley's amended complaint also fails to state a claim upon which relief may be granted. The only named defendant, DCYS, is not a -3- "person" within the meaning of 1983. See Will v. Michigan ___ ____ ________ Dep't of State Police, 491 U.S. 58, 70-71 (1989). _____________________ Thus, we affirm the judgment of the district court. ______ Because we have disposed of the appeal on the merits, we need not address the second issue raised by Dr. Horsley on appeal. -4-