Gregory Dean BOLIN, Plaintiff–
Appellant,

v.

Katherine CHAVEZ; Peter Garin; William Meyer; Terry Ross; Dr. Philadelphia Cousins, and John Doe, Defendants–Appellees.

No. 01–1129.

United States Court of Appeals,
Tenth Circuit.

Dec. 12, 2001.

Before TACHA, Chief Judge, SEYMOUR, Circuit Judge, and BRORBY, Senior Circuit Judge.

ORDER AND JUDGMENT *

TACHA, Chief Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Gregory Dean Bolin, proceeding pro se, appeals from the district court's dismissal of his first amended complaint. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

A detailed statement of facts concerning the proceedings in the underlying state-court custody case is set forth in the district court's order of dismissal, *see* Aplee. Meyer App. at AG0411–15, and we will not repeat it here. For our purposes, the relevant facts are as follows.

In 1993, Bolin and defendant-appellee Katherine Chavez divorced. At the time,

Bolin was incarcerated in Colorado. As part of the divorce decree, a Colorado court awarded Bolin and Chavez joint custody of their son, with Chavez designated as the primary residential custodian, and Bolin was awarded visitation rights. Shortly after he was released from prison in Colorado in 1995, Bolin was arrested and charged with kidnapping, rape, and murder in Nevada, and a jury convicted Bolin of these charges and sentenced him to death in 1996. *See Bolin v. State,* 114 Nev. 503, 960 P.2d 784 (Nev.1998).

In 1995 and 1997, Chavez filed motions in the District Court for the City and County of Denver to modify the joint custody decree to award her sole custody of her son. Although her initial motion was denied, her second motion was granted and Bolin's custody and visitation rights were terminated as a result of orders entered by the Denver District Court on August 5 and September 2, 1997. Bolin then appealed from the orders terminating his custody and visitation rights, and the Colorado Court of Appeals reversed, finding that the Denver District Court failed to follow certain procedural requirements in terminating Bolin's custody and visitation rights.[1]

Bolin then proceeded to file suit against defendants under 42 U.S.C. § 1983. In his first amended complaint,[2] Bolin named the following individuals as defendants: (1) Chavez, his ex-wife; (2) Hon. Judge William G. Meyer of the Denver District Court, the judge who entered the orders

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. On remand to the Denver District Court, Bolin's custody rights were again terminated and he was denied visitation rights, although he was permitted to write letters to his son.

2. In a prior appeal, another panel of this court affirmed in part and reversed in part the district court's dismissal of the claims asserted in Bolin's original complaint. *See Bolin v. Chavez,* No. 99–1342, 210 F.3d 389, 2000 WL 339176 (10th Cir. Mar.31, 2000). On remand, Bolin filed a first amended complaint, and the claims asserted in the first amended complaint are the subject of this appeal.

terminating Bolin's joint custody and visitation rights; (3) Peter Garin, Chavez' attorney in the custody proceedings; (4) Terry Ross, the guardian ad litem appointed by Judge Meyer to represent the son of Bolin and Chavez in the custody proceedings; and (5) Dr. Philadelphia Cousins, the therapist retained by Chavez to work with Ross.[3] Bolin sought to recover damages from each of the defendants under § 1983, claiming that they conspired under color of state law to deprive him of his First Amendment right to familial association, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment rights to substantive and procedural due process and equal protection. Bolin also asserted tort claims under Colorado law for civil conspiracy and intentional infliction of emotional distress.

The district court dismissed Bolin's first amended complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). The district court found: (1) that Judge Meyer was entitled to absolute judicial immunity regarding his actions and rulings in the custody proceedings; (2) that Garin did not act under color of state law; (3) that Bolin failed to allege sufficient facts to support his claim that Garin was engaged in a conspiracy with Judge Meyer; (4) that Ross was entitled to absolute quasi-judicial immunity; (5) that Cousins did not act under color of state law; (6) that Bolin could not establish the requisite state action by alleging a conspiracy between Cousins and Ross since Ross was not acting under color of state law; and (7) that Bolin failed to allege sufficient facts to support his state-law tort claims.

## II.

"We review de novo the district court's grant of a 12(b)(6) motion to dismiss, bearing in mind that all well-pleaded allegations in the ... complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir.2001) (quotation omitted). Because he is pro se, we also construe Bolin's pleadings liberally. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir.1999).

We have carefully reviewed the pleadings and briefs, the record on appeal, and the district court's order of dismissal, and we agree with the district court's analysis and disposition of Bolin's claims. Accordingly, we affirm the district court's dismissal of Bolin's first amended complaint for substantially the same reasons set forth in the district court's order of dismissal dated March 6, 2001.[4] In order to

---

**3.** Bolin also named a "John Doe" defendant which he identified as a City of Denver police officer and the "boyfriend" of Chavez. However, Bolin failed to identify or serve the John Doe defendant.

**4.** In his first amended complaint, Bolin also asserted claims for declaratory relief. As a result of our affirmance of the district court's order of dismissal, there are no grounds for entering a declaratory judgment against defendants Chavez, Garin, Ross, or Cousins. Further, while Bolin is apparently seeking a judicial declaration that Judge Meyer violated his constitutional rights, our affirmance of the district court's dismissal of Bolin's claims against Judge Meyer for damages and his

§ 1983 conspiracy claims against the private defendants has mooted his claim for declaratory relief against Judge Meyer. Consequently, because Bolin's claim for declaratory relief against Judge Meyer presents only abstract questions and is no longer supported by an actual case and controversy, we are without power to grant the requested declaratory relief. *See, e.g., Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 378 (10th Cir.1975) ("test for determining an actual controversy via declaratory judgment proceeding is whether there is a controversy between the parties having adverse legal interests of sufficient magnitude to warrant issuance of declaratory judgment").

fully dispose of Bolin's claims, however, we need to address two aspects of Bolin's claims against Judge Meyer and Ross which the district court did not specifically discuss. We also need to address Bolin's claim that the district court erred in failing to appoint him counsel and in failing to grant his request under Fed.R.Civ.P. 12(d) for a preliminary hearing on defendants' motions to dismiss.

First, Bolin claims that Judge Meyer's order dated September 2, 1997, *see* Aplee. Meyer's App. at AG0174–75, terminated his "parental rights." According to Bolin, Judge Meyer did not have jurisdiction under Colorado law to terminate his parental rights because Colorado's Children's Code grants the juvenile court of the City and County of Denver "exclusive original jurisdiction in proceedings ... [t]o terminate the legal parent-child relationship." Colo. Rev.Stat. § 19–1–104(1)(d). Bolin further claims that Judge Meyer did not have jurisdiction to terminate his parental rights because, under Colorado's Children's Code, a child must first be adjudicated to be dependent and neglected before a motion to terminate the parent-child relationship can be filed, *see* Colo.Rev.Stat. § 19–3–602(1), and because the State of Colorado is the only entity authorized to file neglect and dependency petitions and motions to terminate the parent-child relationship, *see id.;* Colo.Rev.Stat. § 19–3–502(1). In addition, Bolin claims that his parental rights were terminated by Judge Meyer *sua sponte* and without the notice and hearing required under the Children's Code. Due to these alleged jurisdictional and procedural defects, Bolin claims that

Judge Meyer is not entitled to judicial immunity because he acted in a nonjudicial manner and in the absence of jurisdiction. *See Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (holding that state court judge is not entitled to judicial immunity when judge's actions are taken outside of his judicial capacity or in clear absence of jurisdiction).

Bolin's arguments are seriously flawed because neither Judge Meyer's September 2, 1997 order nor his prior order dated August 5, 1997, *see* Aplee. Meyer's App. at AG0314, terminated the legal parent-child relationship between Bolin and his son pursuant to the provisions of Colorado's Children's Code. Instead, as set forth in his subsequent order dated February 2, 1998, *see id.* at AG0394–95, and in the order of the Colorado Court of Appeals dated July 2, 1998, *see id.* at AG0176–83, Judge Meyer's orders only modified the joint custody decree that had previously been entered in the dissolution of marriage proceeding, *see id.* at AG0140, and the decree was modified to award Chavez sole custody of her son with no visitation rights for Bolin.[5] Pursuant to the provisions of Colorado's Uniform Dissolution of Marriage Act, *see* Colo.Rev. Stat. § 14–10–101, *et seq.,* Judge Meyer, in his capacity as a Colorado district court judge, clearly had jurisdiction to order a modification of the joint custody decree and any related visitation rights, and there is no question that he acted in a judicial capacity in doing so since he entered his August 5, 1997 order in response to a motion filed by Chavez and his September 2, 1997 order in response to a motion to

---

**5.** In his order dated February 2, 1998, Judge Meyer referred to *"In Re E.I.C.,* 958 P.2d 511, 98 CJ C.A.R. 74 (Colo.App. January 8, 1998), a case in which the father's relationship with his child was *also* terminated." *See* Aplee. Meyer's App. at AG0394 (emphasis added). However, Judge Meyer's actual ruling was limited to his determination that "a custodial

and parenting time relationship [is] not in the child's best interest and in fact would be detrimental to the child," *id.* at AG0395, and he did not make a separate ruling terminating the legal parent-child relationship between Bolin and his son pursuant to the provisions of Colorado's Children's Code, *see* Colo.Rev. Stat. § 19–3–601, *et seq.*

vacate filed by Bolin. Thus, Judge Meyer is entitled to absolute judicial immunity with respect to his conduct in terminating Bolin's joint custody and visitation rights, regardless of whether he acted erroneously or even maliciously and regardless of any procedural errors. *See Stump v. Sparkman*, 435 U.S. 349, 356–57, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Second, the district court did not address Bolin's claim that Ross wrongfully interfered with a grievance proceeding he had commenced against his attorney. Bolin claims that Ross is not entitled to any immunity with respect to this conduct because it fell outside the scope of her duties as a guardian ad litem. Accepting Bolin's allegations as true, it would in fact appear that Ross's alleged conduct was outside the scope of her duties as a guardian ad litem, and there is thus an issue as to whether she would be entitled to absolute quasi-judicial immunity. *See Short ex rel. Oosterhous v. Short*, 730 F.Supp. 1037, 1038–39 (D.Colo.1990) (holding that court-appointed guardian ad litem is only entitled to absolute quasi-judicial immunity for conduct that is within the scope of a guardian ad litem's duties).

 Nonetheless, regardless of the immunity issue, Ross's alleged conduct in interfering with the grievance proceeding is not actionable under § 1983 because she was not acting under color of state law. *See Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir.1986) (holding that state-court guardian ad litem did not act under color of state law in representing children in custody proceedings). Indeed, there is nothing in the record that in any way suggests that Ross was acting on behalf of the State of Colorado when she allegedly interfered with the grievance proceeding. *Cf. Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)

(holding that, while public defender does not act under color of state law when performing traditional functions as counsel to a defendant in a criminal proceeding, public defender may act under color of state law when performing other functions on behalf of the state such as hiring and firing employees or engaging in certain administrative or investigative functions). Equally as important, Bolin is not claiming that Ross's alleged conduct in interfering with the grievance proceeding caused any adverse impact in the custody proceedings or in any way contributed to the deprivations of his constitutional rights that allegedly occurred therein. Accordingly, we hold that Ross's alleged conduct in interfering with the grievance proceeding cannot form the basis for a claim against her under § 1983.

Finally, "[t]he decision whether to appoint counsel in a civil case is left to the sound discretion of the trial court," *see Blankenship v. Meachum*, 840 F.2d 741, 743 (10th Cir.1988), and we see no abuse of discretion in the district court's refusal to appoint counsel for Bolin. Similarly, Fed. R.Civ.P. 12(d) does not confer a right to an oral hearing on a motion to dismiss under Rule 12(b)(6), and the decision whether to hold an oral hearing is left to the sound discretion of the district court. *See Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir.1998). We hold that the district court did not abuse its discretion in failing to hold an oral hearing on defendants' motions to dismiss.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.[6]

---

6. On June 25, 2001, Cousins filed a motion in this court to amend or supplement her answer brief or in the alternative to incorporate the arguments of Ross. The motion is granted.