**Maree GALLO, and M.G., an infant, who sues by her mother and next friend, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV.A. 2:03CV669.**

United States District Court, E.D. Virginia, Norfolk Division.

Aug. 23, 2004.

Maree Gallo, Virginia Beach, VA, Pro se Plaintiffs.

Virginia Lynn Van Valkenbury, Assistant United States Attorney, Norfolk, VA, for Defendant.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on defendant's motion to dismiss. For the reasons set forth below, the motion is DENIED.

Plaintiff Maree Gallo and M.G., an infant who sues by her mother and next friend, filed suit on September 17, 2003, against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. Neither plaintiff is represented by counsel. Plaintiffs seek to recover damages for personal injuries allegedly sustained as a result of negligent medical care provided to them at the William Beaumont Army Medical Center, Fort Bliss, El Paso, Texas, from December 1996 through April 1997.

Defendant filed the instant motion to dismiss and memorandum in support on July 16, 2004, on the ground that a parent or guardian cannot litigate pro se on behalf of a child, under *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir.1986) (per curiam). On July 20, 2004, defendant filed and served on plaintiff a notice pursuant to the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), and Local Rule 7(J), explaining plaintiff's right to respond to defendant's motion and the consequences of failing to file a response.

Plaintiff did not file a response and the deadline has now passed. Defendant's motion to dismiss is ripe for review.

Although 28 U.S.C. § 1654 gives litigants the right to bring civil claims pro se,[1] courts are nearly unanimous in holding that a parent or guardian cannot sue on behalf of a child without securing counsel. *See, e.g., Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225 (3d Cir.1998); *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir.1997); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59 (2d Cir.1990); *Meeker v. Kercher*, 782 F.2d 153 (10th Cir.1986); *Brown v. Ortho Diagnostic Sys., Inc.*, 868 F.Supp. 168 (E.D.Va. 1994).[2]

In *Brown*, the only other case within the Fourth Circuit to address this issue, the court held that a father could not represent his minor daughter in a products liability action without a lawyer. *Id.* at 172. The court discussed the main concerns underlying the general rule against allowing non-attorneys to represent others in court: namely, the state interest in regulating the practice of law and the importance of adequate legal representation to the litigant. *Id.* at 171–72. These concerns apply with particular force to the context of children being represented by pro se parents.

■ The right to proceed pro se pursuant to 28 U.S.C. § 1654 reflects a policy of

---

1. Title 28 U.S.C. § 1654 states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

2. The only case located by the court that allowed a parent to represent his child pro se in a civil action involved the special context of an appeal from an administrative denial of social security income (SSI) benefits. *Maldonado v. Apfel*, 55 F.Supp.2d 296 (S.D.N.Y. 1999). The court in *Maldonado* distinguished the facts of that case from those of *Meeker, Cheung,* and other cases prohibiting parents from representing their children pro se, noting that "the concerns behind the general rule do not apply" in the context of SSI appeals. *Id.* at 303. The court identified several factors warranting different treatment of pro se parents in that context, including the fact that the proceedings are relatively simple and many adults prosecuting such actions do not retain counsel, and that plaintiffs in these cases are often unable to retain counsel. *Id.* at 305.

allowing individuals to conduct their own litigation in the manner they choose. This right, however, does not attach to children, who are unable to make an intelligent choice in this regard on their own. It is generally not in the interest of a child to be represented by a non-attorney, who will likely be unable to adequately protect her rights and vigorously prosecute litigation on her behalf. Ms. Gallo's failure to respond to the government's discovery requests in a timely fashion illustrates some of the problems that may arise when parties attempt to proceed pro se in complex lawsuits. In proceeding pro se, she risks running her daughter's potentially meritorious claim aground. Therefore, Ms. Gallo may not represent her daughter in this lawsuit, although she may of course sue as her daughter's next friend.[3]

■■■ The final issue to be determined is whether dismissal is the appropriate outcome when a parent sues pro se on behalf of a child. Other courts have viewed such a dismissal as "unwarranted," because appointment or retention of counsel would solve the defect. *Brown,* 868 F.Supp. at 172. Dismissal would be a particularly harsh result in this case because any subsequent claim filed by M.G after dismissal of this action would be ef-

fectively barred by the statute of limitations.[4] Infancy does not toll the statute of limitations under the Federal Tort Claims Act. *Vogel v. Linde,* 23 F.3d 78, 80 (4th Cir.1994) (stating the "blackletter rule" that a statute of limitations "runs against all persons, even those under a disability, unless the statute expressly provides otherwise."). Therefore, M.G. would not be able to litigate her claim on her own behalf when she reaches adulthood. Furthermore, Ms. Gallo would be effectively barred from refiling the instant lawsuit or filing any other lawsuit based on the allegations in her complaint once this suit is dismissed, because she filed this suit just two days before the statute of limitations would have run.[5]

The rule against allowing pro se parents to litigate on behalf of minors is aimed at protecting the rights of children. *See, e.g., Cheung,* 906 F.2d at 61 ("Where [children] have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."). It would be a perverse result to rest dismissal of M.G.'s claim on this ground, thereby preventing her from ever litigating her claim, as she is clearly the person the rule means to protect. For these reasons, this

---

**3.** Federal Rule of Civil Procedure 17(c) provides that "an infant ... who does not have a duly appointed representative may sue by a next friend ...." Rule 17(c) therefore allows Ms. Gallo to sue on behalf of her daughter as next friend, but it does not allow her to act as her daughter's lawyer in court. *Brown,* 868 F.Supp. at 170.

**4.** Under 28 U.S.C. § 2401(b), a tort claim against the United States is barred "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

**5.** The final denial of Ms. Gallo's claim by the U.S. Army Claims Service was mailed March 18, 2003. Ms. Gallo filed suit on September 17, 2003. Contrary to the government's argument (Def.'s Mem. at 5), this was not the last possible day on which the claim would not be barred by § 2401(b). Under Federal Rule of Civil Procedure 6(a), the six month period begins on the day after the denial letter was mailed; thus Ms. Gallo had until September 19, 2003, to timely file her complaint. Ms. Gallo has still effectively exhausted the six-month period under § 2401(b) even though the filing of this lawsuit tolled the statute of limitations during the pendency of the suit; the two days she has remaining under the statute of limitations is likely not enough time for her to retain an attorney and file a new complaint.

court concludes that the proper course is not to dismiss M.G.'s case, but rather to allow Ms. Gallo to take measures to retain an attorney for her daughter. Therefore, this court ORDERS Ms. Gallo to retain counsel on behalf of her daughter within sixty (60) days of the date of this order. If Ms. Gallo fails to retain an attorney, dismissal without prejudice of M.G.'s claim will be reconsidered by the court.[6] As discussed above, however, such dismissal would likely bar further litigation of M.G.'s claim.

The Clerk is DIRECTED to send a copy of this Opinion and Order to all parties.

IT IS SO ORDERED.

**6.** This court may also consider appointment of a guardian *ad litem* or other attorney to represent M.G.'s interests, if appropriate under the law and the rules.