Myron BASS, on behalf of L.B. *v.* STATE of Arkansas

CA 05-553                                    219 S.W.3d 697

Court of Appeals of Arkansas
Opinion delivered December 7, 2005

*Myron L. Bass,* for appellant.

*Gray Allen Turner,* Office of Chief Counsel, Department of Human Services, for appellee.

Andree Layton Roaf, Judge. Myron Bass brings this appeal on behalf of his minor daughter, L.B., from the circuit court's order finding L.B. to be a member of a Family in Need of Services (FINS) under Ark. Code Ann. § 9-27-303(23)(B) (Supp. 2003). Mr. Bass contends (1) that the evidence was insufficient to support the judgment that L.B. was habitually disobedient to her mother; (2) that the trial court denied L.B. due process and her Sixth and Fourteenth Amendment rights based upon the inadequacy of her court-appointed counsel; and (3) that L.B.'s mother's petition and affidavit were not credible enough to allow the State to charge L.B. as a delinquent. Mr. Bass, in bringing this appeal, has engaged in the unauthorized practice of law by a non-attorney. Furthermore, the order appealed from is further not a final appealable order. We dismiss the appeal.

Myron Bass and Maria Green were married for a period of sixteen years; their union produced four children. Myron and Maria divorced on August 17, 2004. The couple worked out a joint-custody agreement whereby each would keep the children for six months of the year. Immediately after divorcing Myron, Maria married Kenneth Green.

On February 10, 2005, Maria Green filed a FINS petition alleging that L.B. refused to obey the "reasonable and lawful orders of her parent." Apparently, L.B. became enraged at her mother after Maria refused to allow L.B. to attend an after-school game. Maria's affidavit claims that she tried to explain to L.B. that her baby sister was sick but that L.B. got upset and started talking in a disrespectful manner, stating that she no longer wanted to live with Maria, that she did not like her room, that she wanted to be able to watch television and use the telephone for as long as she wanted, and that she wanted to be able to stay out all night at a friend's house.

After a hearing on February 28, 2005, in which L.B. and both of her parents appeared, the judge found L.B. to be a member of a Family in Need of Services as defined under Ark. Code Ann. § 9-27-303(23)(B) as a result of L.B. "being habitually disobedient to the reasonable and lawful commands of her parent, guardian, or custodian." There was no out-of-home placement, and there were no additional findings or orders made. L.B. and both Myron Bass and Marie Green were shown as parties on the trial court's adjudication order.

Myron Bass objects to the placement of his daughter into the juvenile system and purports to bring this appeal on L.B.'s behalf,

arguing (1) that the evidence did not support a finding that L.B. "habitually" disobeyed authority; (2) that L.B. was denied due process, equal protection, and her Sixth and Fourteenth Amendment rights, because her court-appointed attorney was so inadequate and ineffective as to be virtually nonexistent and because she did not have the opportunity to file motions or engage in pre-trial discovery; (3) that Maria Green's petition and affidavit were not credible enough to allow the State to charge L.B. as a delinquent; and (4) that the open hearing conducted violated L.B.'s right to confidential proceedings. Bass further asserts that he now has full custody of L.B.

▮ The State has filed a motion to dismiss this appeal on the bases that (1) Bass is not a licensed attorney and although a party to the FINS case, cannot appeal on behalf of his daughter; (2) there was no out-of-home placement, and the FINS adjudication order appealed from is thus not a final, appealable order; and (3) Bass has not abstracted any of the testimony from the hearing. In his response to the State's motion, Bass denies that he is a party to this case and denies that the FINS order is not appealable. However, he affirms that he is not a licensed attorney and that he is bringing this appeal solely on behalf of his daughter, stating that "the true appellant here is L.B."

We must agree with the State that because Mr. Bass is not a licensed attorney, this appeal is a nullity. According to Ark. Code Ann. § 16-22-206 (Repl. 1999), no one can engage in the practice of law in this state unless admitted to practice by the Arkansas Supreme Court. Therefore, it is illegal for Mr. Bass to attempt to represent his daughter in this appeal. A non-attorney may appear *pro se* on his own behalf; however, he has no authority to appear as an attorney for anyone other than himself. *See Abel v. Kowalski*, 323 Ark. 201, 913. S.W.2d 788 (1996) (holding that a *pro se* appellant could represent himself but could not file motions on behalf of the other appellants). Other jurisdictions have recognized that a parent cannot file an order on behalf of a minor child without retaining counsel.[1]

▮ Moreover, the juvenile has an absolute right to counsel in the circumstances of this case. Arkansas Code Annotated section

---

[1] *See, e.g., Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Osei-Afriyie v. Med. Coll. of PA*, 937 F.2d 876 (3rd Cir. 1991); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).

9-27-316(a)(1) (Supp. 2003) provides that a juvenile and parents in FINS cases be advised that the juvenile has the right to be represented in all stages of the proceedings by counsel. Section 9-27-316(c) provides that if counsel is not retained, counsel shall be appointed to represent the juvenile at all appearances before the court, unless the right to counsel is waived in writing as set forth in § 9-27-317. However, § 9-27-317(e) (Repl. 2002) states that "no waiver of the right to counsel shall be accepted in any case in which the parent, guardian or custodian has filed a petition against the juvenile, initiated the filing of a petition against the juvenile, or requested removal of the juvenile from the home." Here, L.B. was represented by court-appointed counsel at the hearing, was required to have counsel since her mother had filed the petition against her, and counsel for L.B. could not be waived in this circumstance. Just as Bass was not authorized to appear as counsel before the trial court on L.B.'s behalf, he is not authorized to prosecute this appeal on her behalf without retained or appointed counsel.

■ The State also asserts that this court does not have jurisdiction because the FINS adjudication order did not include an out-of home placement and, therefore, is neither final nor appealable, as required by Rule 2(c)(3) of the Arkansas Rules of Appellate Procedure. This rule provides for the appeal of orders from certain interim proceedings in juvenile cases only where out-of-home placement has been ordered. We agree that this would also provide a basis for dismissing this appeal. Accordingly, the appeal is dismissed.

Appeal dismissed.

CRABTREE and BAKER, JJ., agree.