FILED
United States Court of Appeals
Tenth Circuit

March 13, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RENEE BANGERTER,

Plaintiff-Appellant,

v.

CRISTIE ROACH, and DOES 1-50,

Defendants-Appellees.

No. 11-4111
(D.C. No. 2:11-CV-00294-DS)
(D. Utah)

ORDER AND JUDGMENT[*]

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

Renee Bangerter appeals from a district court order that dismissed her

42 U.S.C. § 1983 case against Cristie Roach. We have jurisdiction under

28 U.S.C. § 1291, and we AFFIRM.

BACKGROUND

In March 2011, Bangerter sued Roach, "an employee of the [Utah] Office

of Guardian Ad Litem," for violating her due-process rights. Aplt. App. at 4.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Bangerter claimed that "Roach used her position at the Office of Guardian Ad Litem" to become the "guardian ad litem for Plaintiff's three minor children" despite having a conflict of interest. Aplt. App. at 6. Once appointed, Roach "abandon[ed] her role of representing the best interest of the children in order to show favor to a private attorney and her client." *Id.* at 8. Further, Roach purportedly "ignored reports of neglect of one of the minor children." *Id.* at 6.

The district court dismissed Bangerter's complaint pursuant to Fed. R. Civ. P. 12(b)(6), concluding that Roach, as a guardian ad litem, was not a state actor liable under § 1983. It also found Bangerter's allegations about Roach's pre-appointment conduct to be unsupported and conclusory. Finally, the court rejected Bangerter's summary request for leave to amend.

## DISCUSSION

We review a Rule 12(b)(6) dismissal de novo, accepting as true all well-pleaded factual allegations in the complaint and viewing them in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and a complaint that merely offers

"labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As the district court noted, guardians ad litem are not state actors for purposes of § 1983 because they give their "undivided loyalty to the minor, not the state." *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986) (per curiam). To circumvent this principle, Bangerter argues that her "complaint deals with [Roach's] actions **before** her appointment as guardian ad litem." Aplt. Br. at 18. But that characterization of the complaint is not accurate. Most of the complaint deals with post-appointment conduct. And while there is an allegation targeting pre-appointment conduct, it is so vague and conclusory that it fails to raise a right to relief. Specifically, Roach allegedly failed to disclose a conflict of interest, and "maneuver[ed] and manipulat[ed] her way to be appointed . . . through a series of unlawful acts and assist a private attorney [sic]." Aplt. App. at 6. We are left to speculate as to how this conduct—which apparently occurred when she was an "employee of the Office of Guardian Ad Litem," *id.* at 4—necessarily constitutes state action, and if it does, how it violated Bangerter's due-process rights. We conclude that Bangerter's complaint fails to state a claim for relief. *See Twombly*, 550 U.S. at 555 (stating that a "pleading must contain something

more than a statement of facts that merely creates a suspicion of a legally cognizable right of action" (quotation and alterations omitted)).[1]

Bangerter argues that, in any event, the nature of the district court's dismissal—with prejudice—was inappropriate. She contends that her complaint advanced state and common-law claims, and that pleading deficiencies could have been cured by amendment.

We review a district court's decision to dismiss with prejudice for abuse of discretion. *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 809 (10th Cir. 2002). "A dismissal with prejudice is appropriate where a complaint fails to state a claim . . . and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

In seeking leave to amend, Bangerter never filed a formal motion in the district court. Rather, in her opposition to Roach's motion to dismiss, she merely requested that "at a minimum Plaintiff be allowed leave to amend any possible perceived pleading failures." Aplt. App. at 25. Such cursory requests for leave to amend are insufficient. *See Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010), *cert. denied*, 132 S. Ct. 95 (2011). Further, leave to amend would have been futile, given that the lawsuit targeted a defendant whose conduct as a guardian ad litem is generally beyond the scope of § 1983 liability.

---

[1] To the extent that Bangerter's complaint named "John and Jane Does 1-50" as defendants, there are no allegations that implicate a claim for relief against them.

Finally, insofar as Bangerter asserts that she had pleaded facts supporting state and common-law claims, the complaint itself asserts that "all current claims deal with constitutional violations [sic] 42 U.S.C. § 1983."  Aplt. App. at 5.

We determine that the district court did not abuse its discretion in making the dismissal with prejudice.

## CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge