CLD-126                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3568
_____

MARY BUSH, Pro Se Daughter, Next Friend
and Trustee of Genevieve Bush,

                                                            Appellant

v.

KIMBERLY GOODALL, (Administrator) "Park Lane
at Bellingham" (Senior Lifestyles Corporation)
Senior Lifestyle Management, LLC, SL Master
Lessee II, LLC); DR. SAM J. SUGAR

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-17-cv-01379)
District Judge: Timothy J. Savage

_____

Submitted for Possible Dismissal under 28 U.S.C. § 1915(e)(2) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 15, 2018
Before: CHAGARES, GREENAWAY, JR. and GREENBERG, Circuit Judges

(Opinion filed: April 24, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Mary Bush appeals from an order of the District Court dismissing a petition for writ of habeas corpus, 28 U.S.C. § 2241, which she filed on behalf of her incapacitated elderly mother. For the reasons that follow, we will summarily affirm.

Bush filed a "next friend" petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Eastern District of Pennsylvania on behalf of her elderly mother, Genevieve Bush, and paid the $5.00 filing fee. Mary alleged that Genevieve is not competent to manage her own affairs; is a "prisoner" of Kimberly Goodall, the Administrator of Park Lane at Bellingham nursing home and Senior Lifestyles Corporation; and has been detained in the nursing home without due process by Chester County Adult Protective Services and the Pennsylvania Department of Aging since May 18, 2015. Although she styled it as a habeas corpus petition, Mary did not appear to seek her mother's release from the "custody" of the state; rather, she challenged the conditions of Genevieve's "confinement" in the nursing home. Mary alleged that Genevieve is deprived of her loving company because the nursing home has barred her from visiting Genevieve, and that the nursing home is not providing proper medical care for Genevieve, in violation of 42 U.S.C. § 1983 and § 1985(3) and the federal regulations pertaining to skilled nursing facilities. Mary also appeared to allege a violation of the Americans with Disabilities Act, 42 U.S.C. § 12182(a).

Mary further alleged that exhaustion of state remedies was not possible and referred the District Court to a series of state court decisions relating to the matter of Genevieve's care. See Docket Entry No. 10. We note that, in In re: Bush, 2014 WL

2

10917673 (Pa. Super. Ct. June 24, 2014), the Pennsylvania Superior Court affirmed a decision by the Chester County Court of Common Pleas, Orphan's Court, removing Mary as Genevieve's co-guardian. In Matter of Bush, 2017 WL 679952 (Pa. Super. Ct. Feb. 21, 2017), the Superior Court affirmed the lower court's decision removing Mary's brother Michael Bush as co-guardian of Genevieve and appointing Guardian Services of Pennsylvania as sole guardian. Mary asserts that Genevieve now has a court-appointed guardian, Carol J. Hershey.

In an order entered on October 27, 2017, the District Court dismissed the habeas corpus petition on the ground that Mary Bush is not an attorney and may not represent Genevieve in this proceeding. In the margin, the Court further stated that "Mary Bush, with an attorney, may represent Genevieve Bush if she is duly appointed as her guardian or representative by the state court." Mary filed a notice of appeal and also moved for reconsideration, arguing that the habeas corpus statute, 28 U.S.C. § 2242, allows the § 2241 petition to be signed and verified by the person seeking relief or someone acting on behalf of that person, and that her mother's mental incapacity warranted the use of the "next friend" procedure. She further reiterated her view that there was a conflict of interest between Genevieve, on the one hand, and her court-appointed guardian and the nursing home, on the other. In an order entered on November 30, 2017, the District Court denied reconsideration on the ground that the motion presented no new facts or issues.

The appeal is ripe for disposition. Fed. R. App. P. 4(a)(4)(B)(i). We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted Mary Bush leave to appeal in

3

forma pauperis and advised her that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. Mary was invited to submit argument in writing and she has done so. She argues that the District Court should have granted her "next friend" standing to proceed on behalf of her mother.

We will summarily affirm on the ground that Mary Bush may not proceed in federal court without an attorney. A "next friend" is one who pursues an action on behalf of the real party in interest, when that person cannot appear on her own behalf for some legitimately recognized reason "such as inaccessibility, mental incompetence, or other disability." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). "Next friend" standing is proper where the "next friend" applicant has a significant relationship with the real party in interest, and the "next friend" applicant is "truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate." Id. at 163-64 (citations omitted).

The District Court correctly determined, however, that Mary Bush must have an attorney in order to proceed in federal court with her "next friend" civil action. We held in Osei-Afriyie by Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876 (3d Cir. 1991), that a next friend may not, without the assistance of counsel, bring suit on behalf of a minor party. See also Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam ) ("[U]nder Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."). A litigant in federal court has a right to act as his or her own counsel, 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their

4

own cases personally or by counsel...."), but if, as we held in Osei-Afriyie, 937 F.2d at 883, a non-attorney parent must be represented by counsel in bringing an action on behalf of his minor child, a non-attorney adult child must also be represented by counsel in bringing an action on behalf of her incapacitated elderly parent. The choice to appear without representation by an attorney is not a true choice for the elderly parent deemed incapacitated under state law, just as it is not for the minor child. The rule prohibiting a next friend from litigating pro se on behalf of another person exists to protect the rights of the represented party. Elustra v. Mineo, 595 F.3d 699, 705-06 (7th Cir. 2010).[1] "Many good reasons exist for the strict adherence to this rule, not the least of which is that a party may be bound, or [her] rights waived, by [her] legal representative." Id. at 706 (quoting Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986)). We are aware that some courts may permit an exception to the rule for particular kinds of proceedings, see, e.g., Machadio v. Apfel, 276 F.3d 103, 106-08 (2d Cir. 2002) (parents may bring claims pro se on behalf of their children in an effort to secure social security benefits), but we are unaware of any exception for a lawsuit of this nature, where habeas jurisdiction might reasonably be questioned and which is based in part on § 1983.[2]

---

[1] The rule also "jealously guards the judiciary's authority to govern those who practice in its courtrooms." Myers v. Loudoun County Public Schools, 418 F.3d 395, 400 (4th Cir. 2005).

[2] Because the District Court did not reach this issue, we express no view on whether the habeas corpus statutes, including 28 U.S.C. § 2254, confer jurisdiction on federal courts to challenge state court probate decisions involving incapacitated elderly persons, cf. Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 510 (1982) (federal habeas has never been available to challenge parental rights or child custody).

In sum, it is not in the interest of elderly incapacitated persons that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so that their rights may be fully protected. Cf. Osei-Afriyie, 937 F.2d at 883. Accordingly, we will affirm the judgment of the District Court on this basis. We would add, however, that under the circumstances presented here, the fact that Genevieve has a guardian does not necessarily prevent Mary from bringing this action, *with an attorney*, as a "next friend." Under Federal Rule of Civil Procedure 17(c), where an incompetent person is represented by "a general guardian, committee, conservator, or other like fiduciary," that representative is the proper person to sue or defend on her behalf. Fed. R. Civ. P. 17(c)(1). Only if the incompetent person is unrepresented by such a guardian may she be represented by a "next friend." Fed. R. Civ. P. 17(c)(2). Here, Mary alleges a conflict of interest involving the court-appointed guardian. In such a case, Rule 17(c), "gives a federal court power to authorize someone other than a lawful representative to sue on behalf of an infant or incompetent person where that representative is unable, unwilling or refuses to act or has interests which conflict with those of the infant or incompetent." Sam M. ex rel. Elliott v. Carcieri, 608 F.3d 77, 85 (1st Cir. 2010) (quoting Ad Hoc Committee of Concerned Teachers v. Greenburgh No. 11 Union Free School District, 873 F.2d 25, 29 (2d Cir. 1989)). Provided that she establishes a basis for federal subject matter jurisdiction and shows that Genevieve's court-appointed guardian has an actual conflict of interest, Mary Bush, with an attorney, may apply to the District Court for "next friend" standing to bring this

6

action.  Whether she can meet the requirements for "next friend" standing, <u>see</u> <u>Whitmore</u>, 495 U.S. at 163-64, we need not decide.

For the foregoing reasons, we will summarily affirm the orders of the District Court dismissing the § 2241 petition and denying reconsideration.