114 F.3d 874
 37 Fed.R.Serv.3d 1243, 97 Cal. Daily Op. Serv. 4132,
97 Daily Journal D.A.R. 6933
 Hans JOHNS; Casey Johns; David Funderburk, Plaintiffs-Appellants,
v.
COUNTY OF SAN DIEGO, a municipal corporation; City of
Vista, a municipal corporation; Bill Kolender, Sheriff, in
his individual and official capacity; M. Wayman, Deputy, in
his individual and official capacity; Deputy Doe # 1, in
his individual and official capacity; Joan Wright, Deputy,
in her individual and official capacity; Patrick H. Flynn;
Patrick Flynn Towing; Driver Doe # 2, Defendants-Appellees.
 No. 96-55055.
 United States Court of Appeals,
Ninth Circuit.
 Submitted May 9, 1997.*
Decided June 2, 1997.
 
 Hans Johns and David Funderburk, Pro se, Vista, California, for plaintiffs-appellants.
 Ricky R. Sanchez, County of San Diego, San Diego, California, for defendants-appellees.
 Appeal from the United States District Court for the Southern District of California, Irma E. Gonzalez, District Judge, Presiding. D.C. No. CV-95-01909-IEG.
 Before: RYMER and THOMAS, Circuit Judges, and PANNER,** Senior District Judge.OPINION
 THOMAS, Circuit Judge.
 
 
 1
 Hans Johns ("Johns"), his minor son Casey Johns ("Casey") and David Funderburk ("Funderburk") appeal pro se the district court's dismissal with prejudice of their 42 U.S.C. § 1983 complaint alleging that their constitutional rights were violated when the defendants stopped, towed, and stored a car driven by Casey. We affirm the dismissal with prejudice as to Funderburk. We agree that the dismissal of Johns and Casey was appropriate. However, because the dismissal should not have been made with prejudice, we remand so that the district court may enter the dismissal without prejudice.
 
 I.
 
 2
 The district court dismissed the complaint with prejudice as to Funderburk because a general power of attorney did not give him the right to assert Hennessey's constitutional claims. Funderburk argues that the district court erred in dismissing the complaint with prejudice as to him. We review questions of standing de novo. Barrus v. Sylvania, 55 F.3d 468, 469 (9th Cir.1995).
 
 
 3
 Funderburk attempted to assert a due process claim on behalf of Hennessey, the owner of the car, based on the fact that Hennessey had executed a general power of attorney in favor of Funderburk. However, constitutional claims are personal and cannot be asserted vicariously. United States v. Mitchell, 915 F.2d 521, 526 n. 8 (9th Cir.1990). While a non-attorney may appear pro se on his own behalf, "[h]e has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987). Accordingly, the district court did not err in dismissing the complaint with prejudice as to Funderburk.
 
 II.
 
 4
 Johns sued pro se as the "natural biological father of Casey Johns, a minor." In order to protect Casey's rights, the district court sua sponte appointed Johns as Casey's guardian ad litem under Rule 17(c), Fed.R.Civ.P. on the condition that Johns secure counsel within thirty days of the court's order or the complaint would be dismissed with prejudice. Johns failed to comply with the district court's order within thirty days, and the court dismissed the complaint as to Johns with prejudice. Johns argues that the district court erred.
 
 
 5
 We review a district court's dismissal for failure to comply with a court order under Rule 41(b), Fed.R.Civ.P. for abuse of discretion. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992). However, the district court's determination that a guardian ad litem cannot represent a child without retaining a lawyer is a question of law, and questions of law are reviewed de novo. See United States v. Rodriguez-Sanchez, 23 F.3d 1488, 1494 (9th Cir.1994).
 
 
 6
 While we have not addressed the question of whether a guardian ad litem can represent a child without retaining a lawyer, all other circuit courts addressing the issue have held that the guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer. See, e.g., Osei-Afriyie v. Medical College, 937 F.2d 876, 882-83 (3d Cir.1991); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61-62 (2d Cir.1990); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir.1986)(per curiam). The Third Circuit explained the rationale:
 
 
 7
 A litigant in federal court has a right to act as his or her own counsel. See 28 U.S.C. § 1654 (1982).... However, we agree with Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir.1986) (per curiam), that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear pro se is not a true choice for minors who under state law, see Fed.R.Civ.P. 1(b), cannot determine their own legal actions. There is thus no individual choice to proceed pro se for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.
 
 
 8
 It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.
 
 
 9
 Osei-Afriyie, 937 F.2d at 882-83 (quoting Cheung, 906 F.2d at 61).
 
 
 10
 We agree with this reasoning. In addition, we are bound by our general holding in C.E. Pope that a non-lawyer "has no authority to appear as an attorney for others than himself." C.E. Pope, 818 F.2d at 697. The issue of whether a parent can bring a pro se lawsuit on behalf of a minor "falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court." Brown v. Ortho Diagnostic Sys., Inc., 868 F.Supp. 168, 172 (E.D.Va.1994). Accordingly, we hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.
 
 
 11
 Johns contends that such a rule violates the Free Exercise Clause of the First Amendment. Johns argues that by becoming a guardian ad-litem and hiring a lawyer to represent his son he is abrogating his responsibility under the Holy Bible to "exercise the duties of caring for, nurturing of, teaching of, and providing for his child Casey." We disagree that the Free Exercise Clause is violated by requiring Johns to retain a lawyer.
 
 
 12
 [D]ecisions have consistently held that the right of free exercise does not relieve an individual of the obligation to comply with a "valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)."
 
 
 13
 Employment Division v. Smith, 494 U.S. 872, 879, 110 S.Ct. 1595, 1599, 108 L.Ed.2d 876 (1990). Johns' right to direct Casey's religious upbringing is not at stake here. At issue is the appropriate protection of a minor's legal rights in federal court. The Free Exercise Clause is not violated by limiting legal representation of others to licensed attorneys authorized to practice before the court.
 
 
 14
 However, the district court should not have dismissed the complaint with prejudice. As noted by the court in Osei-Afriyie, "[t]he infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." Osei-Afriyie, 937 F.2d at 883 (internal quotations omitted). In order to protect those rights, the district court should have dismissed the complaint without prejudice, thereby giving Johns further opportunity to secure an attorney at some later time within the limitations period and bring the action on behalf of his son. Casey should not be prejudiced by his father's failure to comply with the court order. The court in Cheung reached the same conclusion, stating that if on remand the parent "does not retain counsel and if the district court declines to appoint counsel, the complaint should be dismissed without prejudice." Cheung, 906 F.2d at 62.
 
 
 15
 Thus, the complaint should have been dismissed without prejudice as to Johns in his capacity as guardian ad litem.[1]
 
 III.
 
 16
 Casey and Johns allege that the district court erred in dismissing the complaint with prejudice as to Casey. We review questions of standing de novo. Barrus v. Sylvania, 55 F.3d 468, 469 (9th Cir.1995).
 
 
 17
 An individual's capacity to sue is determined by the law of the individual's domicile. Fed.R.Civ.P. 17(b). Under California law, an individual under the age of eighteen is a minor. Cal.Fam.Code § 6502. A minor may bring suit as long as a guardian conducts the proceedings. Cal.Fam.Code § 6601. Because Casey is a minor, he lacked the capacity to sue on his own. Accordingly, the district court did not err in dismissing the complaint as to Casey.
 
 
 18
 However, the complaint should have been dismissed without prejudice rather than with prejudice so that Casey may bring this action on his own when he reaches the age of majority. See Osei-Afriyie, 937 F.2d at 883. In Osei-Afriyie, the Third Circuit held that a parent who is a non-lawyer cannot bring an action pro se on behalf of his children. The court remanded the case, stating:
 
 
 19
 On remand, one of several scenarios may occur. Osei-Afriyie may decide to secure a lawyer and proceed once again with his children's claims. Osei-Afriyie may determine not to pursue the litigation, in which event the children's claims can be dismissed without prejudice, to accrue for purposes of the relevant statutes of limitations when the children reach eighteen years of age, or sooner if they become emancipated minors.
 
 Id. (emphasis added)
 
 20
 We agree with Osei-Afriyie. If Johns decides not to secure a lawyer, then Casey should be given the opportunity to pursue his cause of action when he reaches eighteen.[2] Rule 17(c), Fed.R.Civ.P. states that, "[t]he court shall appoint a guardian ad litem for an infant ... not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant...." Because the goal is to protect the rights of infants, the complaint should not have been dismissed with prejudice as to Casey.
 
 CONCLUSION
 
 21
 We affirm the dismissal of the complaint with prejudice as to Funderburk.
 
 
 22
 We affirm the dismissal of the complaint to both Johns and Casey, but direct the district court to vacate the dismissal with prejudice and enter an order dismissing the case without prejudice.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Owen M. Panner, Senior U.S. District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 The County of San Diego and the City of Vista ask the panel to affirm the district court on the ground that the Complaint fails to state a claim upon which relief can be granted. They argue that the panel can affirm the district court on any ground supported by the record. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). We decline to affirm on this ground because Johns and Casey did not have the benefit of a lawyer when drafting their complaint, and Johns must have a lawyer to bring this action on Casey's behalf
 
 
 [2]
 We note generally that state statutes of limitation often toll causes of action for minors. The limitations period for actions brought under 42 U.S.C. § 1983 should be taken from the statute governing actions for personal injuries in the state where the claim arose. Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). However, we express no opinion on which causes of action brought by Casey, if any, are tolled until he reaches the age of majority because the issue is not before us