122 F.3d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Taryn J. WESGATE, Plaintiff-Appellant,
v.
Reid LEORNA; Glenn Craig, Sheriff of Sacramento County'
Anglemoyer, individually and as an officer of the Sacramento
County Sheriff's Department; McKinney, individually and as
an officer of the Sacramento County Sheriff's Department;
Patrick Leorna; Marlene Leorna; Taryn Leorna; Sheri
Leorna, Defendants-Appellees.
 No. 93-16558.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997**
Filed August 27, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, David F. Levi, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Taryn J. Wesgate appeals pro se the district court's sua sponte dismissal under 28 U.S.C. § 1915(d)[1] of her 42 U.S.C. § 1983 action against her ex-boyfriend, Reid Leorna, his family members, and officers of the Sacramento County Sheriff's Department ("Sheriff's Department"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, and vacate and remand in part.
 
 
 3
 We review for abuse of discretion a district court's dismissal of a complaint as frivolous. See Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995).
 
 
 4
 First, Wesgate's claims against Reid Leorna and his family are not cognizable under section 1983 because Reid Leorna and his family members are not state actors. See Dang Vang v. Vang Xiong X. Toyed, 944 F.2d 476, 479 (9th Cir.1991). Second, Wesgate's claim that the Sheriff's Department failed to protect her process server from physical assault by Reid Leorna is frivolous because constitutional rights are personal and may not be asserted vicariously. See Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir.1997).
 
 
 5
 Last, Wesgate claimed that the Sheriff's Department violated her equal protection rights by refusing to protect her from Reid Leorna Although Wesgate's "equal protection claim is not as clearly and succintly pleaded as one might wish," this court has recognized that law enforcement's failure to respond to complaints lodged by women in domestic violence cases may violate equal protection rights. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 701 (9th Cir.1990). The district court abused its discretion by failing to notify Wesgate of the deficiencies in her complaint and failing to allow her to amend her complaint to state an equal protection claim against the Sheriff's Department. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 6
 Accordingly, we affirm the district court's dismissal of Wesgate's claims against the Leorna defendants and against the Sheriff's Department for failure to protect her process server from Reid Leorna. See Trimble, 49 F.3d at 584. However, we vacate the dismissal of Wesgate's equal protection claim against the Sheriff's Department and remand to the district court to notify Wesgate of the deficiencies of her complaint, if any, and allow her an opportunity to amend. See Noll, 809 F.2d at 1448.
 
 
 7
 Each party shall bear its own costs on appeal.
 
 
 8
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. the Prison Litigation Reform Act, Pub.L. 104-134, 110 Stat. 1321 (1996)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 28 U.S.C. § 1915(d) was redesignated as section 1915(e)(2) by the Prison Litigation Reform Act, Pub.L. 104-134, 110 Stat. 1321 (1996)