134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vladimir and Tatyana SHEVTSOV, individually & as the natural
parents & legal guardians of Yevgenya Shevtsov,
Plaintiffs-Appellants,
v.
LOS ANGELES UNIFIED SCHOOL DISTRICT; State Board of
Education, State Superintendent of Public Instruction;
Nancy Dean, Principal of Laurel Elementary School; Jose
Maestas, Complaint Resolution Unit of State Department of
Education, Defendants-Appellees.
 Nos. 94-55993, 95-55392, 95-55696.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1998.
Decided Jan. 21, 1998.
 MEMORANDUM*
 
 1
 This is a consolidation of three appeals arising out of a single action brought by Tatyana and Vladimir Shevtsov, individually and on behalf of their disabled minor daughter, Yevgenya Shevtsov, against the Los Angeles Unified School District, the California Board of Education, the California Department of Education, the acting California Superintendent of Public Instruction (William Dawson), a complaint investigator for the compliance unit of the California Department of Education (Jose Maestas), and the principal of Yevgenya's elementary school (Nancy Dean), alleging that Yevgenya was denied a free appropriate public education and certain educational opportunities on the basis of her disability.
 
 
 2
 The Shevtsovs sought injunctive and monetary relief under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-1485, 42 U.S.C. § 1983, the Rehabilitation Act of 1973, and California tort law. The Shevtsovs are proceeding pro se.
 
 
 3
 On October 23, 1995, this court issued an order directing the Clerk to appoint pro bono counsel in these consolidated appeals. However, the Shevtsovs objected in writing to the appointment of counsel, and the court vacated the appointment order on November 20, 1995.
 
 
 4
 In appeal number 95-55392, the Shevtsovs contend that the district court erred by dismissing the claims they brought on behalf of Yevgenya. The district court dismissed the claims on the ground that a non-attorney parent must be represented by counsel in bringing claims on behalf his or her child. This ruling was correct. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir.1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"). Therefore, the district court properly dismissed Yevgenya's claims without prejudice. See id. at 877-78.
 
 
 5
 Appellants also contend that the district court could have appointed counsel to represent Yevgenya. The record reflects that the district court made diligent efforts to locate counsel and was unsuccessful. This court's appointment of counsel was rejected by the appellants. No further action is warranted by the courts with respect to appointment of counsel.
 
 
 6
 In appeal number 94-55993, appellants appeal from the district court's denial of leave to proceed in forma pauperis. The record reflects, however, that the in forma pauperis designation was requested for the purpose of serving a defendant, and that service has been accomplished. This appeal is moot.
 
 
 7
 In appeal number 95-55696, appellants challenge the district court's entry of summary judgment in favor of the defendants on appellants' claims for monetary and injunctive relief. They first argue that the district court violated various rules and its own scheduling order by granting relief on defense motions filed after the originally scheduled cut-off date for motions. The district court, however, enjoys wide discretion in scheduling. Appellants rely on Fed.R.Civ.P. 16(e) governing final pre-trial orders. The rule involved in this case, however, was Fed.R.Civ.P. 16(b), and it places no limits on the district court's ability to modify a scheduling order. See Fed.R.Civ.P. 16(c) advisory committee notes, 1983 Amendment ("By not imposing any limitation on the ability to modify a pretrial order [entered pursuant to Rule 16(b) ], the rule reflects the reality that in any process of continuous management, what is done at one conference may have to be altered at the next."). Appellants have not shown that they were prejudiced by the district court's actions and the record reflects that they were fully aware of what was necessary for them to respond to the motions in question.
 
 
 8
 Appellants' claims for injunctive relief all relate to the conduct of school district officials with respect to Yevgenya's placement in Laurel Elementary School. Yevgenya is no longer attending that school, but is attending a magnet high school. The claims for injunctive relief directed toward placement at Laurel Elementary School are moot.
 
 
 9
 Appellants' monetary claims are for punitive damages and damages for pain and suffering. There is no authority supporting the imposition of such damages under the IDEA or, derivatively, under 42 U.S.C. § 1983. The Supreme Court has recognized that "appropriate" relief includes directing school districts to reimburse parents for their expenditures and private special education for their child if the court ultimately determines such placement was proper. See Town of Burlington v. Department of Educ., 471 U.S. 359, 369 (1985); see also Union Sch. Dist. v. Smith, 15 F.3d 1519, 1524 (9th Cir.1994). Appellants are not seeking such damages.
 
 
 10
 The Shevtsovs also contend that the district court erred in dismissing their California common law claim for intentional infliction of emotional distress. The district court correctly ruled that the Shevtsovs had failed to comply with the California Tort Claims Act by the filing an administrative claim with the appropriate entity. See Watson v. State, 26 Cal.Rptr.2d 262, 266 (Cal.Ct.App.1993); City of Ontario v. Superior Court, 16 Cal.Rptr.2d 32, 34 (Cal.Ct.App.1993).
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 **
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3