**Reginald DELANEY, personally and in his capacity as Next Friend for Arthur and Princess DeLaney, his children, Plaintiff–Appellant,**

v.

**Merri SOUTHER–WYATT; et al., Defendants–Appellees.**

No. 01–35788.

D.C. No. CV–00–00035–AS.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER and SILVERMAN, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**750**

MEMORANDUM**

Reginald DeLaney appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action, arising from an adverse custody order, against the mother of his children and her attorneys, a state court judge, court personnel, and state social workers. We have jurisdiction under 28 U.S.C. § 1291. We review both a summary judgment and a dismissal for failure to state a claim de novo, *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir. 1994)(per curiam), and we affirm.

The district court properly dismissed Arthur and Princess DeLaney, Appellant's minor children, from this action because they did not have counsel and DeLaney, as a non–attorney, could not represent them. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997).

The district court also properly dismissed those claims in which DeLaney challenged prior state juvenile court custody determinations, because such claims are barred by the *Rooker–Feldman* doctrine. *Worldwide Church of God v. McNair*, 805 F.2d 888, 891–92 (9th Cir.1986). To the extent any of DeLaney's claims for damages against state agencies and officials are not inextricably intertwined with the custody hearings, they are barred by the Eleventh Amendment. *See Butler v. Elle*, 281 F.3d 1014, 1023 (9th Cir.2002).

DeLaney's claims against legal counsel are not cognizable under section 1983, because they do not involve parties acting under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 319 n. 9, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

The district court properly granted summary judgment on DeLaney's claim that Judge Souther–Wyatt initiated a police investigation against him resulting in a

charge of filing false reports because the evidence demonstrated that Souther–Wyatt did not engage in the alleged conduct. *See* Fed.R.Civ.P. 56(c).

The district court did not abuse its discretion in denying DeLaney's motion for default judgment because DeLaney's action is devoid of merit. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The district court did not abuse its discretion in rejecting DeLaney's motion for sanctions against defense counsel. *See United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir.1996).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.