Timothy Jonathan **LUNDBERG; et al., Plaintiffs—Appellants,**

v.

Grover **TRASK; et al., Defendants— Appellees.**

No. 02–55630.

D.C. No. CV–01–963–HLH (SGL).

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM **

Timothy Jonathan Lundberg and Janet Lundberg appeal pro se the district court's judgment dismissing for failure to state a claim their 42 U.S.C. § 1983 action alleging that the police improperly arrested Janet Lundberg and that the district attorney did not file charges against the true aggressors. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim. *Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) (sua sponte dismissal). We may affirm on any ground sup-

ported by the record. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). We affirm in part, vacate in part, and remand.

■ Because constitutional rights are personal in nature, Timothy Lundberg lacks standing to allege the deprivation of his wife's constitutional rights. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997).

■ Mrs. Lundberg's claims against Grover Trask are barred because a prosecutor's decision whether or not to prosecute is protected by absolute immunity. *See Roe v. City and County of San Francisco*, 109 F.3d 578, 583 (9th Cir.1997). The claims against Chief Higginbotham fail because Mrs. Lundberg does not allege that he personally participated in any deprivation of her rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002). The claims against the City of Murrieta fail because Mrs. Lundberg does not sufficiently allege that the city has a custom or policy that resulted in any constitutional violation. *See Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir.1999).

■ To the extent Mrs. Lundberg contends that her questioning by Detective Schnoor violated her constitutional rights, her claim is barred because, if successful, that claim would necessarily imply the invalidity of a conviction in her pending criminal prosecution. *See Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir.2000). We vacate the judgment to the extent it dismisses the action with prejudice as to Detective Schnoor. We remand for entry of judgment dismissing the action without prejudice as to Schnoor. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir.1995).

The district court did not abuse its discretion in determining that it would be

---

futile to grant the Lundbergs another opportunity to amend. *See Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir. 1990).

The Lundbergs have not persuasively argued that they were improperly denied discovery, reconsideration or access to "chambers papers."

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.