Elsie Y. GOLIN; Jeffrey R. Golin, Plaintiffs—Appellants,

and

Nancy Y. Golin, a retarded adult, by her next friends and natural parents Jeffrey R. & Elsie Y. Golin, Plaintiff,

v.

Cliff ALLENBY, Director of California Department of Developmental Services; et al., Defendants—Appellees.

No. 04–15900.

D.C. No. CV–03–04752–WHA.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

Elsie Golin, Santa Nella, CA, pro se.

Jeffrey R. Golin, Santa Nella, CA, pro se.

Tom Blake, Esq., AGCA—Office of the California Attorney General, S. Amber Lee, Esq., Suzanne M. Mellard, Esq., Pamela Phillips, Esq., Rogers Joseph O'Donnell & Phillips, San Francisco, CA, Michael L. Rossi, Esq., Office of the County Counsel, San Jose, CA, Kevin E. Gilbert, Esq., Bradley Curley Asiano, et al., Larkspur, CA, William B. Mayfield, Esq., Palo Alto City Attorney's Office, Palo Alto, CA, Gary E. Yardumian, Esq., Prindle,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Decker & Amaro, Long Beach, CA, for Defendants—Appellees.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Jeffrey and Elsie Golin ("Golins"), parents of Nancy Golin, appeal pro se the dismissal of their 42 U.S.C. § 1983 civil rights action challenging a state proceeding in which the Director of the California Department of Developmental Services was appointed Nancy Golin's permanent limited conservator. We have jurisdiction under 28 U.S.C. § 1291. We review de novo questions of standing and the district court's ruling on a motion to dismiss. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir.2000). We review for abuse of discretion the decision not to appoint a guardian ad litem. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 804 (9th Cir.1986). We affirm.

■ The Golins contend that they had standing to pursue claims on behalf of Nancy Golin because she is their daughter. However, the district court properly concluded that the Golins did not have standing because Nancy Golin had previously been found incompetent and a conservator had been appointed. *See* Fed.R.Civ.P. 17(b) (requiring that capacity of an individual to sue be determined by the law of that individual's domicile); Cal. Civ. Proc. § 372(a) (requiring that a party for whom a conservator has been appointed be represented by that conservator).

■ The Golins contend in the alternative that the district court abused its discretion when it did not appoint them as Nancy Golin's guardians ad litem. This contention fails because neither Jeffrey nor Elsie Golin is an attorney and non-attorneys are barred from bringing suit on behalf of others. *See Johns v. County of San Diego*, 114 F.3d 874, 876–77 (9th Cir. 1997). Further, the district court went to the merits of the guardian ad litem issue. It considered the detailed factual findings of the state court and the legal doctrines that restrain a federal court from acting in such circumstances, including the *Rooker–Feldman* and *Younger* abstention doctrines, and the domestic-relations exception to federal jurisdiction. The district court did not abuse its discretion when it declined to appoint the Golins as Nancy Golin's guardians ad litem.

The Golins contend that the district court erred when it dismissed their own malicious prosecution claim. This contention fails because they did not show lack of probable cause. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561–62 (9th Cir. 1987) (holding that in California lack of probable cause is an element of a malicious prosecution claim).

The district court did not abuse its discretion when it declined to retain supplemental jurisdiction over the state law claims. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir.2001).

The Golins' remaining contentions are also without merit.

We deny the request for oral argument and deny all outstanding motions as moot.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.