**Fatema QASSIMYAR, a minor, by and through her Guardian Ad Litem, Dr. Akhtar Qassimyar, Plaintiff—Appellant,**

v.

**SAN DIEGO CHILDREN'S HOSPITAL AND HEALTH CENTER; et al., Defendants—Appellees.**

No. 04–56739.

D.C. No. CV–04–01569–JAH.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2005.*

Decided Sept. 2, 2005.

Fatema Qassimyar, San Diego, CA, pro se.

Marilyn R. Moriarty, Lewis Brisbois Bisgaard & Smith LLP, Dan H. Deuprey, Rachel A. Campbell, Deuprey and Associates, James Jason Hill, Lootz Doggett and Rawers, San Diego, CA, for Defendants–Appellees.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before WALLACE, THOMAS, and W. FLETCHER, Circuit Judges.

### MEMORANDUM**

Fatema Qassimyar, a minor, appeals pro se from the district court's judgment dismissing her medical malpractice action for failure to obtain counsel and order denying her request for appointment of counsel and request that her father and guardian ad litem be permitted to represent her in this action. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's denial of a motion to appoint counsel for abuse of discretion, *Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir.1998), and we affirm.

■ The district court did not abuse its discretion when it denied appointment of counsel after concluding that it was not likely that Qassimyar would succeed on the merits. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Qassimyar alleges medical malpractice and cites no basis for exercising federal jurisdiction. Contrary to Qassimyar's contention, the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, "was not enacted to establish a federal medical malpractice cause of action." *Bryant v. Adventist Health Sys./West*, 289 F.3d 1162, 1166 (9th Cir. 2002). The Act applies when an emergency room patient is not screened or is discharged or transferred without being stabilized, but does not apply when a patient is screened and treated. *See id.* at 1165. Further, Qassimyar's state-law claims do not necessarily implicate a significant federal issue. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* —— U.S. ——, 125 S.Ct. 2363, 2367–68, 162 L.Ed.2d 257 (2005).

■ The district court also properly determined that Akhtar Qassimyar, who is Fatema Qassimyar's father and guardian ad litem but is not a licensed attorney, could not represent Fatema Qassimyar in this action. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir.1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.").

Qassimyar's remaining contentions are also without merit.

Appellees' requests to strike appellant's opening brief and for sanctions are denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

