Silvia PETERS; et al., Plaintiffs–Appellants,

v.

**GUAJOME PARK ACADEMY CHARTER SCHOOL (GPA); et al., Defendants–Appellees.**

No. 06–56587.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 7, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Peters' request for oral argument is denied.

Silvia Peters, Oceanside, CA, pro se.

Rick Herman Knock, Esq., Clements and Knocks, La Mesa, CA, Gil Abed, Esq., Stutz Artiano Shinoff & Holtz, San Diego, CA, for Defendants–Appellees.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Silvia Peters appeals pro se from the district court's judgment dismissing her claims under the Individuals with Disabilities Education Act ("IDEA"), section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1166 (9th Cir.2007); *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir.2007), *cert. denied*, —— U.S. ——, 128 S.Ct. 1728, 170 L.Ed.2d 515 (2008), and we affirm.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The district court properly dismissed without prejudice Peters' claims that arise from the alleged denial of a free appropriate public education because Peters failed to exhaust administrative procedures or allege that exhaustion was futile. *See* 20 U.S.C. § 1415(i)(2)(A), (*l*) (requiring exhaustion); *Kutasi*, 494 F.3d at 1167, 1169–70 (explaining that a plaintiff who alleges a violation of Title V of the Rehabilitation Act must exhaust the IDEA's due process hearing procedures where the alleged "injuries could be redressed to some degree" by the administrative procedures and remedies).

■ The district court properly dismissed without prejudice Peters' remaining claims because she failed to allege, after several opportunities to amend, facts to state a claim for relief on her own behalf. *See King v. California*, 784 F.2d 910, 916 (9th Cir.1986) (holding that conclusory allegations unsupported by any facts failed to state a claim under § 1983). The district court properly dismissed without prejudice the § 1983 claims that Peters attempted to bring on behalf of her son. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir.1997) ("[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.").

Peters' remaining contentions are unpersuasive.

**AFFIRMED.**