**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  ROBERT W. HUNT, M.D., a Medical Corporation, <br><br> Debtor. <br> ─────────────────────────── <br><br> PELI POPOVICH HUNT, an individual and trustee, <br><br> Appellant, <br><br> v. <br><br> DAVID M. GOODRICH, Chapter 7 Trustee; PETER C. ANDERSON, United States Trustee, <br><br> Appellees. | No. 15-56225 <br><br> D.C. No. 2:15-cv-00667-AG <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted June 26, 2017**

Before:      PAEZ, BEA, and MURGUIA, Circuit Judges.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Peli Popovich Hunt appeals pro se from the district court's orders imposing pre-filing restrictions on Hunt after declaring her a vexatious litigant, and dismissing Hunt's bankruptcy appeal as moot. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We review for an abuse of discretion a pre-filing order entered against a vexatious litigant. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir. 2007). We review de novo a district court's determination that a bankruptcy appeal is moot. *Nat'l Mass Media Telecomm. Sys., Inc. v. Stanley (In re Nat'l Mass Media Telecomm. Sys., Inc.)*, 152 F.3d 1178, 1180 (9th Cir. 1998). We affirm.

The district court did not abuse its discretion in declaring Hunt a vexatious litigant and imposing pre-filing restrictions because the court gave Hunt notice and the opportunity to oppose the order, created a record adequate for review, made substantive findings of frivolousness, and tailored the order narrowly to prevent the abusive conduct. *See Molski*, 500 F.3d at 1057.

The district court properly dismissed Hunt's appeal as moot because the property was conveyed to third parties, which prevented the district court from granting effective relief. *See Nat'l Mass Media Telecomm. Sys., Inc.*, 152 F.3d at 1180-81 (affirming dismissal on the basis of mootness where the sale of the

2                                                      15-56225

property to a non-party prevented the court from granting effective relief).

Because Hunt's appeal to the district court is moot, we do not consider her arguments addressing the underlying merits of the appeal

To the extent Hunt challenges the bankruptcy court's order as the representative of a separate legal entity, the appeal is dismissed because "a non-lawyer 'has no authority to appear as an attorney for others than himself.'" *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

All pending motions are denied.

**AFFIRMED.**