NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: PELI POPOVICH HUNT,<br><br>        Debtor.<br>_____<br><br>PELI POPOVICH HUNT, individual and Trustee,<br><br>        Appellant,<br><br>  v.<br><br>ELISSA D. MILLER, Chapter 7 Trustee; et al.,<br><br>        Appellees. | No. 14-55776<br><br>D.C. No. 2:13-cv-02705-MMM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted June 26, 2017[**]

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

Peli Popovich Hunt appeals pro se from the district court's order affirming

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

the bankruptcy court's order granting the chapter 7 trustee's motion to sell real property. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012). We affirm.

The bankruptcy court had jurisdiction to approve the sale of the real property because an order approving the sale of estate property is enumerated as a core bankruptcy proceeding that bankruptcy judges are empowered to hear and determine. *See* 11 U.S.C. § 157(b). Hunt's interest in the property became property of the bankruptcy estate upon the filing of her bankruptcy petition. *See* 11 U.S.C. § 541(a)(1); *Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004) (all legal or equitable interests of a debtor in property become property of the bankruptcy estate upon the commencement of a bankruptcy case).

Contrary to Hunt's contention, the trustee's motion was timely noticed. Hunt was not entitled to the additional three days provided by Fed. R. Bankr. P. 9006(f) because the deadline to oppose the trustee's motion was fixed by the scheduled hearing date, and not the date of service. *See* Bankr. C.D. Cal. R. 9013-1(f) (setting a party's deadline to oppose a noticed motion).

To the extent Hunt challenges the bankruptcy court's order as the representative of a separate legal entity, the appeal is dismissed because "a non-

2                                                                                    14-55776

lawyer 'has no authority to appear as an attorney for others than himself.'" *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject Hunt's contentions that the bankruptcy court and district court demonstrated bias.

All pending motions are denied.

**AFFIRMED.**