NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERONICA R. HOLLOWELL; VIVIAN EPPS, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ARIZONA DEPARTMENT OF CHILD SAFETY; et al., <br><br> Defendants-Appellees. | No. 16-15786 <br><br> D.C. No. 2:15-cv-02045-JJT <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted November 15, 2017**

Before: CANBY, TROTT, and GRABER, Circuit Judges.

Veronica R. Hollowell appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging violations of Hollowell's

constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

novo. *Lukovsky v. City and County of San Francisco.*, 535 F.3d 1044, 1047 (9th Cir. 2008) (statute of limitations); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (*Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Hollowell's claims related to a series of Arizona state court proceedings under the *Rooker-Feldman* doctrine because Hollowell's challenge constituted a forbidden "de facto appeal" of final, state court judgments. *See Noel*, 341 F.3d at 1163 ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.").

The district court properly dismissed Hollowell's remaining claims because Hollowell failed to file them within the applicable two-year statute of limitations. *See Lukovsky*, 535 F.3d at 1048 (in § 1983 suits, federal courts use the forum state's statute of limitations for personal injury actions; § 1983 claims accrue when the plaintiff knows or has reason to know of the injury which is the basis of the action); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004) (Arizona provides two-year statute of limitations for personal injury claims). We reject as without merit Hollowell's contention that her action was equitably tolled

2                                                                                    16-15786

under the "discovery rule" until she discovered she could be entitled to legal relief for her alleged injuries.

Epps does not allege any claims on her own behalf. To the extent Epps, a non-attorney, seeks to bring claims on behalf of Hollowell, she may not do so. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on [her] own behalf, [s]he has no authority to appear as an attorney for others than [her]self." (citation and internal quotation marks omitted)); *see id.* (a power of attorney does not give one authority to bring a lawsuit on behalf of another).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Hollowell's motion at Docket Entry No. 23 is granted in part. The CD listed in Docket Entry No. 15 will be returned to her. The remainder of this motion is denied.

Hollowell and Epps's motion to file an oversized reply brief (Docket Entry No. 85) is granted. The Clerk shall file Hollowell and Epps's reply brief submitted at Docket Entry No. 83.

16-15786

All other pending motions and requests (Docket Entry Nos. 77, 78, 79, 80, 81, 82, and 88) are denied.

**AFFIRMED.**