**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHABNAM DASTMALCHIAN; MSB
INVESTMENT, LLC,

Plaintiff-Appellant,

v.

U.S. DEPARTMENT OF JUSTICE; et al.,

Defendants-Appellees.

No.    16-56239

D.C. No. 2:15-cv-09072-PSG-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted February 13, 2018[**]

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Shabnam Dastmalchian appeals pro se from the district court's judgment

dismissing her action arising from alleged fraud in a federal criminal forfeiture

proceeding.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Dastmalchian's request for
oral argument, set forth in her opening brief, is denied.

district court's dismissal for failure to state a claim. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). We affirm.

The district court properly dismissed Dastmalchian's action because Dastmalchian failed to allege facts sufficient to "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying leave to amend because amendment would be futile. *See Yagman*, 852 F.3d at 863, 867 (setting forth standard of review and noting that a "district court need not grant leave if it determines that the pleading could not possibly be cured by the allegation of other facts" (citation and internal quotation marks omitted)).

To the extent that Dastmalchian appealed on behalf of MSB Investment, LLC, the entity is unrepresented and not properly before the court. *See United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (sole shareholder may not represent a corporation in federal court); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (a non-attorney "has no authority to appear as an attorney for others than [herself]" (citation and internal quotation marks omitted)).

**AFFIRMED.**