UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KRISTIN RUTH HANSON, on behalf of
herself and her adult child R.M. as her
Guardian Ad Litem,

          Plaintiff-Appellant,

BRITTANY HOWARD,

          Appellant,

  v.

HAROLD LA FLAMME; et al.,

          Defendants-Appellees.

No.   15-56604

D.C. No.
8:14-cv-01823-AG-DFM
Central District of California,
Santa Ana

ORDER

KRISTIN RUTH HANSON, on behalf of
herself and her adult child R.M. as her
Guardian Ad Litem,

          Plaintiff-Appellee,

  v.

JEREMIAH MORGAN and ANN
MORGAN,

          Defendants-Appellants.

No.   15-56690

D.C. No.
8:14-cv-01823-AG-DFM

Before:  TASHIMA and WATFORD, Circuit Judges, and ZOUHARY,* District
Judge.

_____

      *     The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

Appellee Duke Bussey's petition for panel rehearing, filed January 21, 2019, is GRANTED. The memorandum disposition filed January 10, 2019, is amended by adding footnote 1 on page 3 of the disposition. The amended version has been filed concurrently with this order.

No further petitions for panel rehearing or rehearing en banc will be entertained.

**FILED**

JAN 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISTIN RUTH HANSON, on behalf of herself and her adult child R.M. as her Guardian Ad Litem, | No.  15-56604 |
| Plaintiff-Appellant, | D.C. No. 8:14-cv-01823-AG-DFM |
| BRITTANY HOWARD, | AMENDED MEMORANDUM* |
| Appellant, | |
| v. | |
| HAROLD LA FLAMME; et al., | |
| Defendants-Appellees. | |

| | |
|---|---|
| KRISTIN RUTH HANSON, on behalf of herself and her adult child R.M. as her Guardian Ad Litem, | No.  15-56690 |
| Plaintiff-Appellee, | D.C. No. 8:14-cv-01823-AG-DFM |
| v. | |
| JEREMIAH MORGAN and ANN MORGAN, | |
| Defendants-Appellants. | |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeals from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted January 7, 2019[**]
Pasadena, California

Before: TASHIMA and WATFORD, Circuit Judges, and ZOUHARY,[***] District Judge.

R.M. appeals from the district court's grant of several motions to dismiss disposing of ten claims she brought against numerous defendants. She does not contest the district court's decision to dismiss three claims (Claims 5, 6, and 8); this memorandum disposition deals with the remaining seven. Also, in this consolidated appeal, Jeremiah and Ann Morgan challenge the district court's appointment of Brittany Howard as guardian ad litem for R.M.

**1.** Claims 1 and 2, which allege violations of 42 U.S.C. § 1985, are not time-barred. Like § 1983, § 1985 borrows the forum State's statute of limitations for personal injury actions. *See McDougal v. County of Imperial*, 942 F.2d 668, 673–74 (9th Cir. 1991). In California, § 1985 actions must be commenced within two years of the claim accruing. Cal. Civ. Proc. Code § 335.1. One commences a

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

suit "by filing a complaint with the court." § 411.10. To that end, R.M. filed her complaint exactly two years after the period of limitations was no longer tolled based on her age. *See* § 352(a).[1]

The district court equated the appointment of the guardian ad litem with the commencement of the action and concluded that Claims 1 and 2 are time-barred. That view is incorrect. The guardian ad litem is not a new party to the action but instead protects the interests of an existing party who cannot represent herself. *See* Fed. R. Civ. P. 17(c)(2); *cf. Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

We remand to the district court to decide in the first instance whether Claims 1 and 2 should be dismissed on some other ground. We note, however, that neither R.M.'s mother nor her guardian ad litem can maintain an action on behalf of R.M. without the assistance of counsel. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). If new counsel is not retained following remand, the district court should dismiss Claims 1 and 2 without prejudice. *See id.*

**2.** Claim 3 alleges a violation of 42 U.S.C. § 1986, which prescribes its own one-year statute of limitations. The district court determined that this claim, filed

---

[1] Dr. Bussey argues that California Civil Procedure Code § 340.5, rather than § 335.1, sets the limitations period for Claims 1 and 2. Section 340.5, however, does not apply because "the gravamen of [the] complaint is not [medical] malpractice but the violation of [the plaintiff's] constitutional rights." *Ellis v. City of San Diego*, 176 F.3d 1183, 1190 (9th Cir. 1999).

two years after R.M. reached the age of majority, was time-barred. On appeal, R.M. contends that her developmental disability entitled her to tolling under California Civil Procedure Code § 352. Because this argument was not raised in the district court, it is forfeited on appeal. *See Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 840 (9th Cir. 2011).

3. R.M. "dealt with" Judge Firmat "in his judicial capacity," entitling Judge Firmat to absolute immunity from Claims 3 and 4. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

4. As to Claim 4, R.M. fails to state a claim for disability discrimination or retaliation under the Rehabilitation Act. As noted by the district court, there were insufficient allegations of federal financial assistance to a state or county program. *See Castle v. Eurofresh, Inc.*, 731 F.3d 901, 908–09 (9th Cir. 2013). For that same claim, the district court also determined that R.M. failed to state a claim under the Americans with Disabilities Act because the complaint merely recites the statutory language. By not addressing this ground for the district court's ruling, R.M. forfeited its consideration on appeal. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012). Claim 4 was deficiently pleaded as to all defendants, so we need not reach the district court's defendant-specific grounds for dismissing this claim.

5. Claim 7 does not allege that an employee of the County of Orange

violated R.M.'s rights.  Thus, the district court correctly concluded that R.M. failed to plead an adequate theory of liability under *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658 (1978).

**6.**  R.M. filed a motion for reconsideration of the denial of her *ex parte* motion to extend the time to file a second amended complaint.  The district court found that R.M.'s motion did not comply with Local Rule 7-18, which enumerates the grounds on which a litigant may advance a motion for reconsideration.  *See* C.D. Cal. Loc. R. 7-18.  In light of the repeated late filings and improper *ex parte* requests made by R.M.'s attorney during the course of litigation, the district court did not abuse its discretion by denying the motion on this ground.  *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012).

**7.**  R.M. does not contest the district court's decision to decline supplemental jurisdiction over the remaining state-law claims, Claims 9 and 10.  Because we are reversing the district court's dismissal of Claims 1 and 2, however, "the reason for dismissing the remaining supplemental claims no longer exists." *Fang v. United States*, 140 F.3d 1238, 1244 (9th Cir. 1998).  We therefore vacate the dismissal of Claims 9 and 10.  If Claims 1 and 2 are subject to dismissal on some other ground, the district court may once again consider whether to decline supplemental jurisdiction.  28 U.S.C. § 1367(c)(3).  As noted above, R.M. must be represented by counsel to proceed on Claims 9 and 10.  *See Johns*, 114 F.3d at 877.

**8.** The district court appointed Brittany Howard as guardian ad litem for R.M. because both Kristin Hanson (her mother) and Jeremiah Morgan (her father) have a conflict of interest with R.M.'s suit. We review this decision for an abuse of discretion. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986). The district court reasonably concluded that Howard has "some significant relationship with, and is truly dedicated to the best interests of," her former neighbor R.M. *Naruto v. Slater*, 888 F.3d 418, 421 (9th Cir. 2018). We find no abuse of discretion.

**9.** We do not consider the Morgans' contention, raised for the first time on appeal, that R.M. has a constitutional right to appointed counsel. For one, it is far from clear that they have standing to raise this contention on behalf of an opposing party. In any event, the Morgans may seek to present this argument to the district court, which has statutory authority to appoint counsel upon a showing of "exceptional circumstances." *30.64 Acres of Land*, 795 F.2d at 799; *see* 28 U.S.C. § 1915(e)(1).

\*     \*     \*

In Case No. 15-56604, we affirm the district court's dismissal of Claims 3 through 8. We reverse the dismissal of Claims 1 and 2, vacate the dismissal of Claims 9 and 10, and remand for further proceedings as to these four claims.

In Case No. 15-56690, we affirm the district court's appointment of Howard

as guardian ad litem for R.M.

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**

Each party shall bear its own costs on appeal.