**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELISSA CALABRESE, | No. 22-56005 |
| Plaintiff-Appellant, | D.C. No. 5:22-cv-00524-JWH-KK |
| v. | |
| STATE BAR OF CALIFORNIA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Submitted February 14, 2023[**]

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Melissa Calabrese appeals pro se from the district court's order dismissing

for failure to prosecute or failure to comply with a court order her action alleging

federal claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an

abuse of discretion.  *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002).  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court did not abuse its discretion in dismissing plaintiff's action without prejudice after plaintiff failed to comply with a court order to retain counsel based on representations that she is not competent to represent herself, despite the district court's warning that noncompliance would result in dismissal. *See* Fed. R. Civ. P. 41(b) (a district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); *Pagtalunan*, 291 F.3d at 640-43 (discussing factors to be considered before dismissing a case for failure to prosecute or failure to comply with a court order; a district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citations and internal quotation marks omitted)).

The district court did not err in determining that plaintiff or her proposed guardian ad litem must retain counsel. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986) ("[Federal Rule of Civil Procedure 17(c) requires a court to take whatever measures it deems proper to protect an incompetent person during litigation."); *see also Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997).

The district court did not abuse its discretion in denying plaintiff's motion for appointment of counsel because plaintiff failed to demonstrate exceptional

circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

Dorothy Calabrese's motion for appointment of counsel (Docket Entry No. 3) is denied.

**AFFIRMED.**