**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHANIE S. TAYLOR, for minor N.F; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> STATE OF WASHINGTON DEPARTMENT OF JUVENILE YOUTH AND FAMILY SERVICES, FAR and CPS Department; et al., <br><br> Defendants-Appellees. | No. 21-36030 <br><br> D.C. No. 2:19-cv-01869-RAJ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted March 14, 2023**

Before:     SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Stephanie S. Taylor and Sandra Brown appeal pro se from the district court's

judgment dismissing for failure to comply with a court order their action alleging

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

various federal claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion in dismissing plaintiffs' action without prejudice after Taylor failed to comply with a court order to file an amended complaint, despite the district court's warning that noncompliance may result in dismissal. *See* Fed. R. Civ. P. 41(b) (a district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); *Pagtalunan*, 291 F.3d at 640-43 (discussing factors to be considered before dismissing a case for failure to prosecute or failure to comply with a court order; a district court's dismissal should not be disturbed absent "a definite and firm conviction" of "a clear error of judgment" (citations and internal quotation marks omitted)).

We do not consider the district court's interlocutory ruling on the Washington State defendants' motion to dismiss. *See Ash v. Cvetkov*, 739 F.2d 493, 498 (9th Cir. 1984) (holding that "interlocutory rulings do not merge into a judgement of dismissal without prejudice for failure to prosecute whether the failure to prosecute is purposeful or is a result of negligence or mistake").

The district court properly granted summary judgment to the Olympia Police defendants because plaintiffs failed to raise a genuine dispute of material fact as to

21-36030

whether these defendants violated any of their rights. *See Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997) (explaining that a non-lawyer may not bring claims on behalf of others or, without a lawyer, bring suits on behalf of minors); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C. §§ 241, 242 "provide no basis for civil liability"); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (explaining that official capacity suits require showing a "policy or custom" violating constitutional rights).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

Plaintiffs' request to appoint counsel, set forth in the opening brief, is denied.

**AFFIRMED.**